# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2022

Lyle W. Cayce
Clerk

No. 21-60316
Summary Calendar

Martin Escobedo Andrade,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 068 278

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Martin Escobedo Andrade, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal. Escobedo Andrade contends that the IJ erred in finding that he

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60316

failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his children and that he lacked good moral character.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021). Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

Despite Escobedo Andrade's assertions to the contrary, the consequences facing his children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). While he claims that the IJ misconstrued the evidence in determining that his wife could find work; his sister could provide support to his children; and that his oldest son does not have a significant medical condition, these findings are supported by substantial evidence. *See Guerrero Trejo*, 3 F.4th at 774. Because resolution of this issue is dispositive as to his lack of eligibility for cancellation of removal, *see* § 1229b(b)(1), we need not consider his argument regarding whether the IJ erred in determining that he failed to establish that he was in possession of good moral character. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Accordingly, the petition for review is DENIED.

2